UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANDREW MICHAEL TUCKER, | No. 1:19-cv-00736-AWI- HBK (PC) |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANTS' EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT[1] |
| KYLE MOHR, FNU DEMASTERS, FNU ALTSCHULER, | |
| Defendants. | Doc. No. 31 |
| | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is the exhaustion-based motion for summary judgment filed on behalf of Defendants DeMasters and Altschulder. (*see* Doc. No. 31; *see also* Doc. No. 31-3 "Defendants' Statement of Undisputed Facts"). Defendants attach supporting exhibits consisting of: the declaration of Howard E. Moseley, Associate Director of the Office of Appeals, formerly known as the Appeals Branch, attaching Plaintiff's appeal history (Doc. No. 31-4); and the declaration of D. Santos, Litigation Coordinator at Mule Creek State Prison, attaching Plaintiff's appeal grievances (Doc. No. 31-5). Plaintiff filed a response in opposition to the motion (Doc. No. 35), contending he exhausted every remedy *available* to him. (*Id*. at 2, emphasis added). In

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

1

support of his opposition, Plaintiff attaches his own declaration (Doc. No. 35 at 9-11). Defendants filed a reply. (Doc. No. 36). This matter is ripe for review. For the reasons set forth below, the undersigned recommends Defendants' Motion for Summary Judgment be granted as to Defendant Altschulder and denied as Defendant DeMasters.

## I. FACTS AND BACKGROUND

Plaintiff Andrew Michael Tucker ("Plaintiff" or "Tucker"), a prisoner incarcerated in the California Department of Corrections and Rehabilitation ("CDCR"), initiated this action by filing a *pro se* Civil Rights Complaint under 42 U.S.C. § 1983 on May 25, 2019. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A, the Court issued a screening order finding the incidents giving rise to the cause of action occurred at Mule Creek State Prison and that the Complaint stated: (1) an Eighth Amendment excessive use of force claims against each Defendant Mohr and DeMasters stemming from two unrelated separate incidents; and (2) a First Amendment retaliation claim against Defendant Altschuler stemming from an alleged false disciplinary report accusing Tucker of a rules violation during an escort with DeMasters where excessive force is alleged. (*See* Doc. No. 1 at 3-4; Doc. No. 11 at 3-5). In response to the Court's screening order, Tucker elected to proceed only on the court-sanctioned claims and voluntarily dismissed all other claims. (Doc. No 12). After service, Defendants filed an answer and affirmative defenses. (Doc. No. 20). In compliance with the Court's amended scheduling order, Defendants DeMasters and Altschuler filed the instant exhaustion-based motion for summary judgment. (Doc. No. 31). Defendant Mohr does not raise an exhaustion defense. (*See* Doc. No. 31-3 at 2, fn. 2).

**A. Relevant Claims in the Operative Complaint**

Considering Tucker's notice of voluntary dismissal, the Complaint alleges three claims. The first claim stems from events that occurred on December 2, 2017, when Defendant Mohr allegedly kicked Tucker in the head with his boot when he was on the ground. (Doc. No. 1 at 8). Tucker states the use of force was without provocation and was excessive. (*Id.*) As relief, he seeks $10,000.00 in monetary damages. (*Id.*).

The second claim arises nearly a year later, during a separate and unrelated incident involving Defendant DeMasters on January 11, 2018. (*Id.* at 3). After DeMasters escorted

Tucker back to his cell, DeMasters became upset because when Tucker's cellmate refused to be cuffed. (*Id.*). DeMasters responded by twisting Tucker's arms back and banging Tucker's head against the wall. (*Id.*). Tucker claims the arm twisting tore his shoulders' rotator cuffs. (*Id.*). As relief, he seeks $100,000.00 in monetary damages for pain, suffering, and injuries, and removal of the related false disciplinary report. (*Id.*)

The third claim stems from this same January 11, 2018 incident. (*Id.* at 4). Defendant Altschuler allegedly instructed three correctional officials, who are not defendants in this action, to write a false rules-violation report that Tucker resisted DeMasters. (*Id.*). Tucker seeks $25,000.00 in monetary damages in relief for the false report. (*Id.*).

### B. Inmate Grievance Administrative Process

Defendants assert that Tucker failed to exhaust his inmate administrative remedies because he never pursued his grievances to the necessary third level of review concerning his claims against DeMasters and Altschuler. (Doc. No. 31-3 at 2). Defendants point out that since January 11, 2018 to the date of the filing of their motion, Tucker pursued only two, third-level reviews: (1) one concerning the Mohr excessive force incident (Log No. MCSP-17-04552/ Third Level Log No. 1801214) and (2) one concerning an incident not at issue in this litigation (Log No. MCSP-1704557/ Third Level Log No. 1801231). (*Id.*); (*see also* Doc. No. 31-4 at 3, ¶10*;* Doc. No. 31-5 at 3, ¶7).

#### 1. *Grievance Pertaining to Defendant DeMasters* - **Log No. MCSP-18-00219**

Regarding Tucker's claims against DeMasters, the record shows Tucker submitted Log No. MCSP-18-00219 alleging DeMasters used excessive force on January 11, 2018. (Doc. No. 31-2 at 3; Doc. No. 31-5 at 3, ¶ 10; Doc. No. 35 at 10, ¶ 4). On February 20, 2018, a decision of the second level of appeal was rendered. (Doc. No. 31-2 at 3, ¶ 10). Defendants contend that Tucker, however, did not pursue the necessary third level appeal. (*Id.*). Defendants point out that the second level grievance response directed Tucker to pursue an appeal to the third level of review. (Doc. No. 31-3 at 3) (citing Doc. No. 31-5 at 4, ¶17).

In response, Tucker states he submitted a third level appeal on March 15, 2018 after his second level appeal was completed. (Doc. No. 35 at 10, ¶ 4). After not receiving a response to

1  this third-level appeal for his Log No. MCSP-18-00219 grievance, Tucker claims he followed-up
2  by submitting a CDCR Form 22[2] in July, September, and November 2018. (*Id*., ¶¶ 6-8). In reply,
3  Defendants state that a Form 22 is not a part of the exhaustion process. (Doc. No. 36 at 4).
4  Defendants further argue that if he did pursue a third-level appeal, Plaintiff didn't submit a copy
5  of it. (*Id.*).

6  The Court's independent review of record reveals Log No. MCSP-18-00219 described the
7  escort and DeMaster's use of force during the escort. (*Id.* at 38-40). Under the "action
8  requested" portion on the grievance form, Plaintiff requested that "the 115 that was later done to
9  cover up the C/O actions be dismissed due to retaliation for me filing a staff misuse of force
10 complaint." (*Id.* at 38).

11 Because Log No. MCSP-18-00219 pertained to staff misuse of force, the grievance
12 bypassed the first level of review and proceeded directly to the second level of review. (*See Id.* at
13 36-37). The grievance response stated it was "partially granted" and the issue was referred for
14 investigation to the Office of Internal Affairs. (*Id.*). The response further noted that "all issues
15 unrelated to the allegation of staff misconduct must be appealed separately and will not be
16 addressed in this response." (*Id.* at 36). The grievance response further stated that upon
17 completion of the investigation, Tucker will be notified "as to whether the allegations were
18 SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or there was NO
19 FINDING." (*Id.*) (emphasis in original). The response then notified Tucker that if he wished to
20 appeal the decision and/or exhaust administrative remedies, he "must submit your staff complaint
21 appeal through all levels of appeal review up to, and including, the Secretary/Third Level of
22 Review. Once a decision has been rendered at the Third Level, administrative remedies will be
23 considered exhausted." (*Id.* at 37).

24 **2.  *Grievance Pertaining to Defendant Altschuler* - Log No. MCSP-0-18-01996**
25 Regarding Tucker's claims against Altschuler stemming from alleged falsification of the
26 disciplinary report related to the DeMasters' use of force incident, the record shows Tucker

---

[2] A CDCR Form 22 is not a formal appeal, but rather a request for interview to resolve an issue. The exhaustion procedure in effect June 2020 omits the Form 22.

4

submitted Log No. MCSP-0-18-01996. (Doc. No. 31-2 at 3); (Doc. No. 31-5 at 4, ¶17). Defendants point out that Log No. MCSP-0-18-01996 was canceled on May 16, 2019 at the first level screening, and Tucker did not appeal the cancellation. (Doc. No. 31-2 at 3); (Doc. No. 31-5 at 124-125); (*see also* Doc. No. 31-4 at 3, ¶8) (noting no appeal).

The Court's independent review of the record confirms the grievance was canceled, but in so doing also refers to grievance MCSP-C018-00219, which was partially granted. Specifically, the Log No. MCSP-0-18-01996 responded:

> The enclosed documents are being returned to you for the following reasons:
>
> *Your appeal has been cancelled pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(c)(2). The appeal duplicates a previous appeal upon which a decision has been rendered or is pending.* (Doc. No. 31-5 at 124).
>
> *Inmate Tucker,*
>
> *This appeal addresses issues already addressed in appeal log numbers MCSP-C018-00219 and MCS-A017-04552, on which you have received Second Level Responses. If you are dissatisfied with those responses you are encouraged to complete Section "F" on the CDCR 602 Form and submit directly to the Office of Appeals for Third Level Review, with any recently received or new information you have obtained.*

(Doc. No. 31-5 at 124) (italics in original).

## II.   APPLICABLE LAW

### A. Summary Judgment Standard

The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of

1  a genuine issue of material fact. *Id.* at 323. An issue of material fact is genuine only if there is
2  sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is
3  material if it "might affect the outcome of the suit under the governing law." *Anderson v.*
4  *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

5       If the moving party meets its initial burden, the burden then shifts to the opposing party
6  to present specific facts that show there to be a genuine issue of a material fact. *See* Fed R. Civ.
7  P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that
8  there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 587. The
9  party is required to tender evidence of specific facts in the form of affidavits, and/or admissible
10 discovery material, in support of its contention that a factual dispute exists. Fed. R. Civ. P.
11 56(c); *Matsushita*, 475 U.S. at 586 n. 11. The opposing party is not required to establish a
12 material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be
13 shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."
14 *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.
15 1987). However, "failure of proof concerning an essential element of the nonmoving party's
16 case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

17      The court must apply standards consistent with Rule 56 to determine whether the
18 moving party demonstrated there to be no genuine issue of material fact and showed judgment
19 to be appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir.
20 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility
21 determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.
22 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the
23 nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving
24 party. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 772 (9th Cir. 2002).

25      In a summary judgment motion for failure to exhaust, the defendant has the initial
26 burden of establishing "that there was an available administrative remedy, and that the prisoner
27 did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If
28 the defendant carries that burden, "the burden shifts to the prisoner to come forward with

evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with defendant, however. *Id.*

### B. Exhaustion Requirement

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); s*ee also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citation omitted)). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or procedurally defective grievance or appeal. *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead it is an affirmative defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion requirement. *Id.* at 218.

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. A defendant has the burden of showing that "*some* relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937). "[A]dministrative

procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," or where an "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016). And relief does not remain available if "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860. Where the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### C. CDCR Grievance Procedures

CDCR's administrative remedy process governs this action.[3] *See* Cal. Code Regs. tit. 15, § 3084.1 (2016). At the time relevant to this action, an inmate was required to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. *Id*., § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602 "Inmate/Parolee Appeal" ("grievance"). *Id*., §§ 3084.2(a), 3084.8(b) (quotation marks omitted). The grievance must "describe the specific issue under appeal and the relief requested" and "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id*., § 3084.2(a). The inmate "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id*., § 3084.2(a)(4).

An inmate must submit an appeal to the second level within thirty calendar days of "[t]he occurrence of the event or decision being appealed," or "[u]pon first having knowledge of the action or decision being appealed, " or "upon receiving an unsatisfactory department

---

[3] The Court cites to the regulations in force at the relevant time period. In June 2020, these regulations were amended and changed the former three-step "appeal" process to a two-step process generally. *See* Cal. Code Regs. tit. 15, § 3480-3487 (2021).

response to an appeal filed." *Id*., § 3084.8(b)(1)-(3).  Under certain circumstances, an appeal will be accepted after the deadline.  *Id*., § 3084.8(d).  A late appeal may only be canceled where "the inmate or parolee had the opportunity to submit within the prescribed time constraints." *Id*., § 3084(d)(6).  Further, "at the discretion of the appeals coordinator or third level Appeals Chief, a cancelled appeal may later be accepted if a determination is made that cancellation was made in error or new information is received which makes the appeal eligible for further review." *Id*., § 3084.6(a)(3).  Under exceptional circumstances, an appeal may be accepted for review beyond the 30-day deadline, for instance, when an inmate is medically incapacitated and unable to file an appeal.  *Id*., § 3084.6(a)(4).

Where an appeal is cancelled due to a procedural error on the part of the inmate, administrative remedies remain available to the inmate — namely appealing the cancellation decision.  *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because [plaintiff] could have appealed his cancellation decision . . . the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him."); *Davenport v. Gomez*, No. 2:16-CV-1739, 2019 WL 636844, at *15 (E.D. Cal. Feb. 14, 2019) (noting that the appeals process is available where the plaintiff can raise the cancellation appeal to the next level).

### III.   ANALYSIS

Here, the court determines Defendants' exhaustion-based motion for summary judgment should be granted in part and denied in part.  Specifically, for the reasons discussed in more detail below, summary judgment should be granted to Defendant Altschuler but denied, without prejudice, as to Defendant DeMasters.

**A.  Defendant Altschuler**

Defendants submit and introduce documents that Tucker did not fully and properly exhaust his administrative remedies as to Altshuler because Tucker did not pursue a third-level appeal after his inmate grievance was canceled.  (Doc. No. 31-2 at 3, 7-8); (Doc. No. 31-3 at 3).

In response, Tucker argues that the administrative remedies were not available to him. (Doc. No. 35 at 4).  Most of Tucker's response, however, addresses his claims against DeMasters and his associated grievance related to that claim.  (*Id.* at 4-5); (*see also Id.* at 10).  Further,

1 Tucker, for the first time, states Altschuler was involved in the excessive force with DeMasters,
2 which is not alleged in the Complaint. (*Id.* at 5). Tucker also confusingly refers to Log No. 0-
3 189-1996, the grievance that was canceled, and argues it addressed claims against both Altschuler
4 and DeMasters. (Id. at 4).

5 The record shows no dispute of material fact concerning Tucker's failure to exhaust his
6 administrative remedies concerning Defendant Altschuler. Log No. MCSP-0-18-01996 was
7 canceled, contained explicit instructions on the appeal process, and Tucker did not appeal the
8 cancelation. (Doc. No. 31-2 at 3); (Doc. No. 31-5 at 4, ¶17) (citing *Id.* at 124-125); (*see also*
9 Doc. No. 31-4 at 3-4, ¶¶9-10) (noting no appeal). As set forth above, the CDCR has a three-step
10 formal grievance process. *Supra* at 6-7 (citing Ca. Code Regs. tit. 15, § 3084). Tucker filed Log
11 No. MCSP-0-18-01996 against Altschuler, alleging he directed correctional officials to falsify
12 disciplinary reports in retaliation. (Doc. No. 31-2 at 3); (Doc. No. 31-5 at 4, ¶17). It is
13 undisputed that the grievance was cancelled. CDCR regulations require an inmate to pursue an
14 appeal of a cancelation in order for administrative remedies to be fully exhausted. *Supra* at 6-7;
15 see also § 3084.1(b).

16 In opposition, Plaintiff asserts three primary arguments that are not specific as to either
17 DeMasters or Altschuler. Plaintiff first asserts he had no available remedies remaining. (Doc.
18 No. 35 at 4). Alternatively, Plaintiff argues that he did pursue a third-level review. (*Id.* at 5).
19 Plaintiff lastly contends that when he received no response, he filed Form 22's seeking the status
20 of his appeals. (*Id.*). The Court addresses each argument in turn.

21 First, Plaintiff asserts he was left with no available remedies to exhaust as to Altschuler.
22 (*Id.* at 4-5). Citing to *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010), Plaintiff argues
23 administrative remedies are "unavailable" when prison officials reject an inmate's appeal for
24 reasons inconsistent with governing regulations. (*Id.* at 6). Plaintiff does not articulate on what
25 basis he believes prison officials' rejection of his grievance was inconsistent with the regulations.
26 (*See generally Id.*). As noted above, the cancelation response referred in part to Plaintiff's other
27 grievance that was in fact "partially granted." (*Supra* at 5). Even assuming *arguendo* that the
28 grievance was improperly canceled because it referred to a partially granted grievance, an appeal

of a cancelation is still required.[4]  *Wilson v. Zubiate*, 718 F. App'x 479, 482 (9th Cir. 2017) (citing *Sapp v. Kimbrell*, 623 F.3d 813 (9th Cir. 2010)).  Unlike the plaintiff in *Sapp*, Tucker had the opportunity to appeal the cancelation, even if it was improperly done.  *Id.*

Second, Plaintiff argues he pursued a third-level appeal.  (Doc. No. 35 at 5, ¶¶7-19, 10). Plaintiff's statements in his declaration that he filed third-level reviews, without providing copies of those third-level reviews, are insufficient to create a genuine issue of material fact.  *Hansen v. United States*, 7 F.2d 137, 138 (9th Cir. 1993) (noting when the non-moving party relies on its own affidavit to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact).  In contrast, Defendant attaches exhibits to his summary judgment motion containing a summary of Plaintiff's inmate grievances and affidavits from correctional officials delineating the steps Plaintiff took in connection with the grievance at issue in this case.  When opposing parties tell two different stories, one that is "blatantly contradicted" by the record so that no reasonable jury could believe it, the court should not adopt that version of the facts.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Third, to the extent Plaintiff contends he received no response to these grievances and filed a Form 22, a Form 22 is not part of the administrative appeal process.  *See Faulty v. Sanchez*, 2020 WL 59808955 *5 (E.D. Ca. Oct. 6, 2020) (citing Cal. Code Regs. Tit. 15, § 3086(i) (repealed June 2020)).  Thus, based upon the facts and governing law, the undersigned recommends that Defendants' exhaustion-based motion for summary judgment be granted as to Defendant Altschuler, and the claims in the Complaint against Defendant Altschuler be dismissed.

**B.  Defendant DeMasters**

Defendants similarly argue that Tucker failed to exhaust his administrative remedies fully and properly as to DeMasters because he did not pursue a third-level appeal.  Similar to Tucker's response to Altschuler, Tucker claims he pursued a third-level appeal, and, in support, provides

---

[4] Notably, the CDCR cancelation response in Log No. 0-18-01996, refers to Plaintiff's other grievance containing related claims that was in fact partially granted, MCSP-C-18-00219.  (Doc. No. 31-5 at 124). No party raises issue or otherwise addresses this fact.

11

his own declaration and unintelligible exhibits. (*See* Doc. No. 35 at 5, 12-14). Tucker asserts he received no response to his third-level appeal. (*Id.*). Tucker also claims he followed-up by submitting CDCR Form 22 several times. (Doc. No. 35 at 5); (*see also Id.* at 10, ¶¶6-8). Defendants contend that a Form 22 is not a part of the exhaustion process. (Doc. No. 36 at 4) (citing § 3084.1(b)).

As noted above, the record reveals that Log No. 18-000219 concerning DeMasters' use of force bypassed the first level of review and proceeded directly to the second-level review. (Doc. No. 31-5 at 39). On February 20, 2019, correctional officials "partially granted" Tucker's grievance and referred the matter to internal affairs for investigation. (*See Id.* at 36-37). Interestingly, Defendants' review of the matter does not appear to recognize that the second-level review response included a partial grant of Tucker's second level of review. (*See* Doc. No. 31-2 at 6-8); (Doc. No. 31-3 at 3); (Doc. No. 36 at 3-5). Nor do Defendants direct the Court to the ultimate determination following the internal affairs investigation mentioned in this grievance.[5] Instead, Defendants maintain Tucker had an obligation to pursue a third-level appeal. (*Id.*).

The Court finds the record contains a question of material fact that precludes entry of summary judgment as a matter of law in favor of Defendant DeMasters. The significant difference between the Altschuler grievances and the DeMasters grievances is that prison authorities partially granted Log No. MCSO-C-18-00219 as to DeMasters. Here, the issue stems from what steps "are available" to an inmate to complete the administrative remedy process when an inmate's second-level appeal is partially granted, an internal affairs investigation is commenced, and then the inmate appears to have not received a response following the internal affairs investigation of his claim.

Defendant DeMaster's contends a third-level review was necessary. However, this Circuit does not require an inmate to file a third-level appeal to exhaust when prison authorities partially grant a grievance. *See Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005) (finding inmate exhausted

---

[5] The Court's independent review of the record does not reveal a final determination following the February 20, 2018 partial grant of Tucker's grievance as it pertained to DeMaster's use of force.

1   all available remedies); *Dixon v. Oleachea*, Case No. 2:15-cv-23720KJM-AC-P, 2020 WL
2   5604276 *12 (E.D. Ca. Sept. 17, 2020) (noting most courts within this circuit have held that
3   *Brown* compels the conclusion that a prisoner's administrative remedies are exhausted with an
4   OIA investigation is ordered) (citing *Walker v. Whitten*, 2011 WL 1466882 *3 (E.D. Ca. Apr. 18,
5   2016) (other citations omitted)).

6        In *Brown*, 422 F.3d at 926, the Ninth Circuit addressed a similar situation after a second-
7   level response from correctional officials indicated that the inmate's appeal was partially granted
8   and that the Office of Internal Affairs would investigate. *Id.* at 937-38.  Like the instant case, the
9   correctional institution response did not indicate the outcome following the investigation. *Id.*
10  However, unlike the present case, the response did not include the language about what, if any,
11  further administrative review was available to the inmate. *Id.* at 937.  The Ninth Circuit
12  determined in the *Brown* situation, based on the partial grant of the grievance combined with no
13  directive to appeal, inmate Brown could have reasonably concluded that he exhausted his
14  available remedies (and that the district court properly found the inmate did not have to pursue
15  the third-level appeal before proceeding to court). *Id.* at 940.

16       Like *Brown*, the record supports the finding that Tucker fully and properly exhausted his
17  available administrative remedies concerning Defendant DeMasters when correctional officials
18  partially granted his inmate grievance.  (*See* Doc. No. 31-5 at 36-37).  Tucker could reasonably
19  conclude that his available remedies were exhausted and his issue was resolved at the second-
20  level review when his grievance was partially granted, especially when there appears to be no
21  adverse result from which to pursue an appeal. *See also Dixon v. Oleachea*, Case No. 2:15-cv-
22  2372-KJM-AC-PC, 2020 WL 5604276 *6 (E.D. Ca. Sept. 18, 2020) (taking judicial notice of
23  CDCR's Administrative Bulletin 98-10 and finding a response partially granting a grievance
24  exhausts the inmate's administrative remedies).  Indeed, the response in the instant case contained
25  language directing Tucker to appeal, unlike the response to the inmate in *Brown*.  However,
26  including language in a response that the inmate must appeal is insufficient if there remains no
27  available remedy. *Dixon*, 2020 WL 5604276 *11.
28

Tucker could reasonably conclude that without a result following an internal affairs investigation the second level was not complete and therefore the third level appeal was not available. The record does not appear to contain the outcome of the internal affairs investigation as it pertained to DeMasters' use of force in Log No. MCSO-C-18-00219. In fact, one of Tucker's other inmate grievances, concerning the Mohr incident at Log No. MCSP-17-04552, reflects that the institution partially granted the grievance at the second level review, investigated, and subsequently determined that Mohr did not violate the policy as alleged. (*See* Doc. No. 31-4 at 9). However, in this Mohr grievance at Log No. MCSP-17-04552, unlike the DeMaster's grievance, correctional officials indicated that an internal affairs investigation commenced and revealed no violation of correctional policy. (*Id.*). Armed with that decision, the record shows Tucker then pursued the adverse result to the third-level appeal. (*Id.*). Accordingly, based on this record, Defendant DeMasters' motion for summary judgment is denied, without prejudice.[6]

Accordingly, it is **RECOMMENDED**:

1. The exhaustion-based motion for summary judgment filed on behalf of Defendants DeMasters and Altschuler (Doc. No. 31) is **GRANTED in part and DENIED in part** as follows:

(a) Defendant Altschuler's motion be **GRANTED,** and the claims set forth against Defendant Altschuler be dismissed.

(b) Defendant DeMasters' motion be **DENIED**, without prejudice.

2. This case proceed against Defendants Mohr and DeMasters.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

---

[6] Because the Court finds DeMasters' motion should be denied and that Plaintiff exhausted his available remedies as to DeMasters, the Court did not readdress Plaintiff's arguments concerning the filing of Form 22's, or the third-level reviews he purports to have filed in his declaration. The Court nonetheless points out that the same reasons the Court rejected these same argument as to Defendant Altschuler would be applicable to Defendant DeMasters.

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE