UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MICHAEL TUCKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KYLE MOHR, FNU DEMASTERS,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00736-AWI-HBK<br><br>**ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>**NOTICE TO OPT OUT DUE BY November 18, 2021** |

Plaintiff Andrew Michael Tucker is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 1). Defendants' exhaustion-based motion for summary judgment was denied in part and granted in part. (Doc. Nos. 43, 46). The case is proceeding against Defendants Mohr and DeMasters. (*Id.*). Accordingly, the Court will refer this case to alternative dispute resolution ("ADR") or in the alternative set this matter for a telephonic status conference.

**I.  ADR**

The Court refers all civil rights cases filed by *pro se* individuals to ADR to attempt to resolve such cases more expeditiously and less expensively. *See* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter through settlement now would save the parties the time

and expense of engaging in discovery and preparing substantive dispositive motions. The Court therefore will continue a STAY of this action for 30 days to allow the parties to investigate Plaintiff's claims, meet and confer, and participate in an early settlement conference. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference. If either party opts out or the settlement is unsuccessful the Court will enter a discovery and scheduling order after holding a status conference. The parties must advise the court of their intention to participate in ADR within 30 days of the date of this order.

**II.  Joint Report and Telephonic Status Conference**

Because this case has been pending since 2019, it is possible the parties have engaged in some discovery. The Court, however, is unaware how much discovery has been conducted and what additional discovery, if any, the parties need to conduct. Accordingly, as a precaution, the Court has scheduled a telephonic status conference for **December 3, 2021 at 10:00 a.m**. should the parties elect to opt out of a settlement conference. The parties shall meet and confer before the conference to prepare a joint report which shall propose discovery and dispositive deadlines and identify any issues that may need addressed by the Court. The joint report shall be filed no later than **December 1, 2021**. At the conference, the parties should be prepared to discuss any current identified discovery disputes and other outstanding issues that may require the Court's assistance. The parties are free to continue to engage in discovery in accordance with Federal Rule of Civil Procedure 26.

Accordingly, it is **ORDERED**:

1. The parties shall file a notice if they object to proceeding to a settlement conference of if they believe that settlement is not currently achievable no later than **November 18, 2021**. This action will remain **STAYED** until either party notifies the Court that they do not wish to proceed to a settlement conference or until such a settlement conference is held. **If either party objects to a settlement conference the Court will lift the stay and set a discovery and**

**scheduling order after holding a telephonic status conference.** No pleadings or motions may be filed in this case during the stay. The parties may continue to engage in discovery during this time.

2. If both parties consent to a settlement conference, the Court will, by separate Order, assign this matter to a United States Magistrate Judge, other than the undersigned, for purposes of conducting the settlement conference.

3. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160.

4. If the parties decide to opt out of the settlement, the Court will hold a telephonic status conference **on December 3 at 11:00 a.m.** before the undersigned (dial-in number: 1-888-204-5984; passcode: 4446176).

5. The parties **SHALL** file a joint status report by **December 1, 2021**, apprising the Court of the current state of discovery and whether there is a need for additional discovery, and propose discovery and merits-based dispositive deadlines.

6. Plaintiff should notify staff at his institution of the date of this conference and ensure adherence to their regulations for his participation. Defense counsel must confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance.

7. The Clerk is directed to send a copy of this Order to the litigation coordinator at Plaintiff's institution of confinement.

Dated:   October 18, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE